

**MINUTE ENTRY**
**APRIL 27, 2000**
**SCHWARTZ, J.**

| | |
|---|---|
| RIDGELAKE ENERGY, INC | CIVIL ACTION |
| VERSUS | NO. 00-0105 |
| BAKER HUGHES OILFIELD OPERATIONS, INC. d/b/a BAKER OIL TOOLS and/or BAKER OIL TOOLS, INC. | SECTION "A" |

Before the Court is a Motion for Summary Judgment[1] filed on behalf of the defendant, Baker Oil Tools ("Baker"). The thrust of the defendant's motion is that there are no material issues of fact and as a matter of law, plaintiff, Ridgelake Energy, Inc. ("Ridgelake"), is bound by an arbitration agreement which compels a Texas arbitration of the claim at issue in these proceedings. Since the arbitration clause selects the Texas forum, Baker seeks

---

[1] Baker's motion was labeled as a motion to dismiss and alternatively to stay and transfer proceedings. However, Baker appended matters outside of the pleadings to its motion, including but not limited to Baker Oil Tool's "Standard Terms and Conditions" Baker's Exhibit 1A. Since mover relies upon documentary evidence outside of the pleadings to prove both the existence of and agreement to an arbitration provision, its motion shall be treated as one filed pursuant to FRCP Rule 56 for summary judgment.

DATE OF ENTRY

MAY - 3 2000

1



dismissal of the instant proceeding and alternatively, stay and transfer to the Southern District of Texas.

Counsel for Ridgelake filed formal opposition arguing that at the very least, the summary judgment evidence shows that there are genuine issues of material fact as to the following: (1) whether Ridgelake ever recieved Baker's "Standard Terms and Conditions" which contains an arbitration provision; and (2) whether Ridgelake, a Louisiana corporation which conducts business solely in Louisiana, agreed to arbitration at all, much less arbitration in Houston, Texas and the application of Oklahoma law regarding a controversy involving service performed and equipment provided in Louisiana with respect to Ridgelake's oil and gas wells located in the Main Pass 41 Field, Block 59, offshore Louisiana. Counsel for Ridgelake appended affidavits and other documentary evidence, which when construed in favor of the non-moving party, suggest that Baker rejected and/or refused and/or never agreed to the arbitration clause in question.[2]

---

[2]Baker's Contract Specialist's May 6, 1999 correspondence to Ridgelake's Frank Cangelosi, penned after the work at issue was completed, could be construed by a reasonable trier of fact to constitute evidence that the "redlined" and supplemented master service contract was never the subject of agreement by and between Baker and Ridgelake. In this vein, Baker's correspondence appears to solicit further discussion regarding the establishment of "mutually acceptable" terms and conditions and concomitantly, may

The matter was noticed for hearing on April 25, 2000, when the motion was deemed submitted for decision on the briefs and documents of record. The summary judgment record clearly reveals genuinely disputed issues of material fact noted above and therefore, judgment as a matter of law is inappropriate. In conclusion, (1) there exists no signed agreement to arbitrate; (2) there are material issues of fact as to whether the arbitration provision was rejected or refused by Ridgelake; and (3) whether there was any meeting of the minds, mutual assent or verbal agreement to arbitrate is genuinely disputed. Accordingly,

**IT IS ORDERED** that Baker Oil Tool's motion is **DENIED**.

---

be construed as recognition that certain terms and conditions set forth in the "redlined" master service contract were not the subject of any agreement as late as May of 1999. See, Ridgelake's Exhibit 3.