```
                                              FILED
                                         U.S. DISTRICT COURT
                                       EASTERN DISTRICT OF LA

                                         2000 JUL 20 A 11: 02

                                          LORETTA G. WHYTE
                                                CLERK
```

**MINUTE ENTRY**
**JULY 19, 2000**
**SCHWARTZ, J.**

| | |
|---|---|
| **RIDGELAKE ENERGY, INC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0105** |
| **BAKER HUGHES OILFIELD OPERATIONS, INC. d/b/a BAKER OIL TOOLS and/or BAKER OIL TOOLS, INC.** | **SECTION "A"** |

Before the Court is Ridgelake Energy's Motion to Reconsider this Court's order staying the captioned matter and marking it statistically closed, pending arbitration per the operative contracts which are the subject of Ridgelake's suit. The Motion for Reconsideration was formally opposed by the defendant, and is now deemed submitted for decision on the record.

Having thoroughly reconsidered the premises, the Court has determined that it is not inclined to vacate or amend its June 8th, 2000 order. The operative undisputed facts upon which this Court's decision was based remain unchanged by plaintiff's most recent submission. These undisputed facts, together with strong federal policy favoring upholding arbitration agreements, along with

**DATE OF ENTRY**
**JUL 2 0 2000**

1



controlling Fifth Circuit jurisprudence[1] support this Court's June 8th, 2000 order.

The focus of this Court's inquiry and prior order was properly whether there was agreement to the contracts placed at issue by the plaintiff. Uncontrovertedly, there was agreement to the Main Pass 41 Project sales and service contracts. The subject of Ridgelake's suit is allegedly defective equipment and service supplied pursuant to those very contracts. Ridgelake received and retained the benefits of these contracts. The standard terms and conditions of the contracts provided for binding arbitration -- that being the only term Ridgelake now seeks belatedly to repudiate. Accordingly,

IT IS ORDERED that the plaintiff's Motion for Reconsideration is DENIED.

---

[1] The Par-Knit Mills case out of the Third Circuit cited by plaintiff directly conflicts with controlling Fifth Circuit jurisprudence which counsels in favor of adherence to the clear policy encouraging the arbitration of disputes. In Par-Knit Mills v. Stockbridge Fabrics, 636 F.2d 51, 55 (3rd Cir. 1980), the Third Circuit expressly recognized its holding runs contrary to the general policy encouraging arbitration of disputes.